UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center,<br><br>Respondent. | Case No.:  25cv3598-LL-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner L.S.'s Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondent filed a Return in opposition to the Petition [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner L.S. is a native of Kyrgyzstan and citizen of Russia who applied for admission at the San Ysidro Port of Entry on October 25, 2024, along with her husband. ECF No. 4-1 at 2–3; ECF No. 5 ¶¶ 1, 5. She was issued a Notice to Appear, charging her as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as a noncitizen not in possession of a valid entry document, and detained. ECF No. 4-1 at 3. Respondent states that Petitioner

/ / /

1

remains mandatorily detained by Immigration and Customs Enforcement under 8 U.S.C. § 1225(b)(1)(B)(ii). ECF No. 4 at 3.

On April 8, 2025, an immigration judge granted Petitioner's application for asylum. ECF No. 1-2 at 2. The Department of Homeland Security appealed that decision and on October 10, 2025, the Board of Immigration Appeals (BIA) remanded the case back to the immigration judge for additional fact finding on whether Petitioner "has established a well-founded fear of future persecution on account of her political opinion." ECF No. 4-1 at 9. Petitioner's merits hearing is currently scheduled for March 10, 2026. ECF No. 5 ¶ 3.

On December 2, 2025, an immigration judge denied Petitioner's request for a custody determination, finding that Petitioner is "an arriving alien" and that the immigration judge lacked jurisdiction. ECF No. 1-2 at 7.

On December 15, 2025, Petitioner filed the instant Petition, alleging that her prolonged detention violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. Pet. at 6. She seeks a writ of habeas corpus directing Respondent to immediately release her from custody. *Id.* at 7.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

/ / /

/ / /

/ / /

/ / /

25cv3598-LL-BJW

## III.    DISCUSSION

### A.    Jurisdiction

Respondent argues that as a threshold matter, Petitioner's claims and requested relief are jurisdictionally barred under 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), 8 U.S.C. § 1252(a)(5), and 8 U.S.C. § 1252(e)(2). ECF No. 4 at 4–7.

#### 1.    8 U.S.C. § 1252(g)

Section 1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

Respondent argues that Petitioner's claims are barred because they arise "from the decision or action of the Attorney General to commence proceedings [and] adjudicate cases," which removes district court jurisdiction. ECF No. 4 at 10.

The Court finds § 1252(g) does not bar its jurisdiction over Petitioner's claims. The Supreme Court has explained that § 1252(g) does not bar jurisdiction for the "universe of deportation claims" but instead "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *2 (9th Cir. Aug. 27, 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."). The Supreme Court later reiterated this narrow application of § 1252(g): "We did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). Petitioner is not challenging the commencement of removal proceedings but is instead claiming a lack of legal authority to detain him for a

prolonged time without a bond hearing during proceedings. *See Ibarra-Perez*, 2025 WL 2461663, at *2 (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, INA, or international law, does not challenge the decision or action to execute a removal order). Therefore, § 1252(g) does not limit the Court's jurisdiction in this matter.

### 2.     8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(5)

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) adds that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter," except for certain actions challenging orders under § 1225(b)(1). 8 U.S.C. § 1252(a)(5), (e).

Respondent argues that § 1252(b)(9) and § 1252(a)(5) apply here because they remove the Court's jurisdiction "to review both direct and indirect challenges to removal orders, including decisions to detain for purposes of removal or for proceedings." ECF No. 4 at 6.

The Court finds § 1252(b)(9) and § 1252(a)(5) do not apply to Petitioner's claims. The Supreme Court has explained that "§ 1252(b)(9) 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) (quoting *Jennings*, 583 U.S. at 294–95). The Ninth Circuit has also recognized that "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Petitioner is claiming a lack of legal authority to detain her for a prolonged time without a bond hearing,

25cv3598-LL-BJW

which is not a review for an order of removal, the decision to seek removal, or the process by which removability will be determined. *See Jennings*, 583 U.S. at 293 ("Interpreting 'arising from' [in § 1252(b)(9)] in this extreme way would also make claims of prolonged detention effectively unreviewable."). Accordingly, § 1252(b)(9), and by extension § 1252(a)(5), do not bar the Court from jurisdiction in this case.

### 3.    8 U.S.C. § 1252(e)(2)

Section 1252(e)(2) allows judicial review of expedited removal orders under § 1225(b)(1) in habeas corpus proceedings only to determine (1) "whether the petitioner is an alien," (2) "whether the petitioner was ordered removed under such section, and" (3) whether the petitioner can prove that he has been lawfully admitted as a permanent resident, a refugee, or has been granted non-terminated asylum. 8 U.S.C. § 1252(e)(2).

Respondent argues that "to the extent Petitioner is challenging the removal process, each of Petitioner's claims fall outside the limited habeas corpus authority provided within § 1252(e)(2)." ECF No. 4 at 7.

The Court finds § 1252(e)(2) does not bar its jurisdiction over Petitioner's claims. Petitioner is not challenging an expedited order of removal because she has not received a final expedited removal order, nor is she challenging the discretionary decision to place her in expedited removal. Instead, Petitioner contends that her prolonged detention without a bond hearing is in violation of the Constitution. "Where a petitioner 'does not challenge any final order of removal, but challenges his *detention* prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). Therefore, § 1252(e)(2) does not limit the Court's jurisdiction in this matter. *See Flores-Torres*, 548 F.3d at 710–11; *Gimenez Gil v. Warden, Otay Mesa Detention Center*, No. 3:25-CV-03279-DMS-VET, 2025 WL 3675153, at *2 (S.D. Cal. Dec. 17, 2025); *Noori*, 2025 WL 2800149, at *7–8.

///

**B.      Fifth Amendment Due Process Clause**

Petitioner argues that her prolonged detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Pet. at 6.

Respondent contends there is no due process violation because Petitioner is detained pursuant to § 1225(b)(1), which mandates detention through the conclusion of the removal process, and that is all the process she will receive. ECF No.4 at 7–9.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "At the same time, however, this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* The Ninth Circuit has questioned the constitutionality of certain immigration detention statutes, including § 1225(b):

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001) (internal quotation marks and citation omitted).

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (alteration in original).

The Court agrees with those courts that have found a noncitizen detained under § 1225(b) for a prolonged period without an individualized bond hearing may assert a constitutional right to due process. *See Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *2 (S.D. Cal. Nov. 12, 2025) ("This Court agrees with the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing."); *Maksin v. Warden,*

25cv3598-LL-BJW

*Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted,* No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019))); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116–17 (W.D. Wash. 2019).

Respondent relies on two cases to support his argument that § 1225(b)(1) and its provision for mandatory detention provides all the process that Petitioner is due, but the Court is not persuaded. ECF No. 4 at 8–9 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)). In *Thuraissigiam*, the habeas petitioner argued that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 violated "his right to due process by precluding judicial review of his allegedly flawed credible-fear proceeding." *Thuraissigiam*, 591 U.S. at 138. The Supreme Court found that the petitioner, as an applicant for admission, was provided "the right to a determination whether he had a significant possibility of establishing eligibility for asylum" pursuant to § 1225(b), and that he had "only those rights regarding admission that Congress has provided by statute." *Id.* at 140 (internal quotation marks and brackets omitted) (quoting §§ 1225(b)(1)(B)(ii), (v)). The Court finds *Thuraissigiam* addressed a noncitizen's right to challenge *admission*, not

7

25cv3598-LL-BJW

detention. *See, e.g.*, *Sadeqi*, 2025 WL 3154520, at *2 ("This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*."); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025) (finding *Thuraissigiam* inapplicable to cases challenging detention).

The Court finds *Mezei* is also distinguishable. *Mezei* involved a noncitizen who had been "permanently excluded from the United States on security grounds but stranded in his temporary haven on Ellis Island because other countries [would] not take him back." *Mezei*, 345 U.S. at 207. The Supreme Court recognized Mezei's exclusion for security reasons as different from noncitizens who may be released from detention on bond. *Id.* at 216 ("An exclusion proceeding grounded on danger to the national security, however, presents different considerations; neither the rationale nor the statutory authority for such release exists."). The facts are significantly different because Petitioner has not been excluded as a security risk, does not have a final order of removal, and has been granted asylum. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003) ("[T]he *Mezei* Court explicitly grounded its decision in the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security."); *Kydyrali*, 499 F. Supp. 3d at 772 (finding *Mezei* inapposite to issue of whether prolonged detention without a bond hearing violates due process).

Petitioner contends that applying the three-factor balancing test discussed in *Mathews v. Eldridge*, 424 U.S. 319 (1976), shows that Petitioner's prolonged detention without a bond hearing violates her due process rights. ECF No. 5 ¶¶ 40–49.

Courts in the Ninth Circuit have used various factor tests to determine whether due process requires a bond hearing in immigration detention cases, including the *Mathews* test. *See e.g.*, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies in a case involving a due process challenge to immigration detention); *Maksim v. Annex*, No. 1:25-CV-00955-SKO (HC),

25cv3598-LL-BJW

2025 WL 2879328, at *3–4 (E.D. Cal. Oct. 9, 2025). In the *Mathews* test, the court considers the following factors to determine whether a party's procedural due process rights have been violated: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Considering the first factor, Petitioner has a strong private interest in her liberty. Freedom from detention is a fundamental part of due process protection. *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) ("[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). Therefore, the Court finds this factor weighs in favor of Petitioner.

Next, the Court considers the risk of erroneous deprivation of Petitioner's liberty interest and the probable value of additional procedural safeguards. "In evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention." *Jensen v. Garland*, No. 521CV01195CASAFM, 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) (citing *Rodriguez Diaz*, 53 F.4th at 1209–10). Petitioner has been mandatorily detained for almost fifteen months under 8 U.S.C. § 1225(b)(1)(B)(ii), which has no statutory right to seek an individualized custody determination. The statute allows for parole, but the Ninth Circuit has "note[d] that the discretionary parole system available to § 1225(b) detainees is not sufficient to overcome the constitutional concerns raised by prolonged mandatory detention because the parole process is purely discretionary and its results are unreviewable by IJs and release decisions are based on humanitarian considerations and the public interest" instead of the necessity

9

of detention. *Abduraimov v. Andrews*, No. 1:25-CV-00843-EPG-HC, 2025 WL 2912307, at *6 (E.D. Cal. Oct. 14, 2025) (quoting *Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th Cir. 2013)). An immigration judge denied Petitioner's request for a custody redetermination, finding it lacked jurisdiction because of Petitioner's mandatory detention under § 1225(b). It is also unclear when Petitioner's already lengthy detention will end. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." (alteration in original) (citation omitted)). Therefore, the Court finds the risk of erroneous deprivation of Petitioner's liberty interest and the probable value of additional procedural safeguards, such as a bond hearing, is high. *Id.* at *7 (citation omitted). This factor weighs in favor of Petitioner.

Finally, the Court considers the government's interest in detaining Petitioner without a bond hearing and the fiscal and administrative burdens that a bond hearing would entail. "Providing petitioner with a bond hearing would not impede respondents' interest in effecting removal or protecting the public, as the purpose of the bond hearing is to determine whether petitioner is a danger or flight risk." *Jensen v. Garland*, No. 521CV01195CASAFM, 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023). A bond hearing before an immigration judge is not overly burdensome. *See Abduraimov*, 2025 WL 2912307, at *7 ("Courts generally have found that the cost of providing a bond hearing is relatively minimal, and there is nothing in the record before this Court demonstrating that providing Petitioner with a bond hearing would be fiscally or administratively burdensome."); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019) ("Considering . . . the minimal cost of conducting a bond hearing, and the ability of the IJ to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified, the Court concludes that the government's interest is not as weighty as Petitioner's."); *Singh v. Barr*, 400 F. Supp. 3d 1005, 1021 (S.D. Cal. 2019). Therefore, this factor weighs in favor of Petitioner.

/ / /

25cv3598-LL-BJW

With all factors weighing in favor of Petitioner, the Court finds due process requires that she be provided with a bond hearing. At the bond hearing before a neutral immigration judge, Respondent "must justify h[er] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *5 (S.D. Cal. Sept. 26, 2025) (citations omitted); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))).

Accordingly, the Court **GRANTS** the Petition.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Within **seven days** of this Order, Respondent is directed to arrange an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within seven days of this Order, Petitioner shall be released from Respondent's custody.

**IT IS SO ORDERED**.

Dated:  January 20, 2026

Honorable Linda Lopez
United States District Judge

25cv3598-LL-BJW